■ In the Matter of MARION ZUCKERMAN, Appellant, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— Petitioner appeals from an order of the Supreme Court which denied her application for permission to bring an action against the Motor Vehicle Accident Indemnification Corporation pursuant to section 618 of the Insurance Law. As a prerequisite to such an order it must appear that "the applicant is a 'qualified person'" within the meaning of article 17-A of the Insurance Law. Subdivision b of section 601 of the Insurance Law provides, in part: "'Qualified person' means (1) a resident of this state, other than an insured". Thus an insured is expressly and specifically excluded from the definition of "qualified person". The narrow issue on this appeal is, therefore, whether or not petitioner was an "insured". On June 27, 1959, while operating an automobile owned by her son Vernon Stuart, the car was struck by a "hit and run" vehicle and petitioner sustained injuries. At the time of the accident Stuart was the holder of an automobile liability insurance policy, in effect at the time and covering the car which the petitioner was operating, issued by the Metropolitan Casualty Insurance Company of New York, which contained the standard indorsement required by subdivision 2-a of section 167 of the Insurance Law. Subdivision i of section 601 defines an insured as follows: "i. 'Insured' means a person defined as an insured under any policy of insurance issued by any member in connection with motor vehicles containing the provisions required by section one hundred sixty-seven." The indorsement on Stuart's policy provided: "The unqualified word 'Insured' means (1) the Named Insured and, while residents of the same household, his spouse and the relatives of either; (2) any other person while occupying (i) an automobile owned by the Named Insured or, if the Named Insured is an individual, such spouse and used by or with the permission of either". Petitioner is an insured under both of these subdivisions because Stuart is her son and resides in the same household, and, it must be presumed under section 59 (now § 388) of the Vehicle and Traffic Law, that she was operating the car with the owner's permission. Petitioner was clearly an "insured" and hence could not be a "qualified person". The latter derives rights solely from article 17-A of the Insurance Law, and the former derives rights by virtue of that law and the policy. Section 618 of the Insurance Law makes no provision for the bringing of an action by an "insured" and by the terms of the insurance contract any dispute must be settled by arbitration as provided therein. The lower court was correct in denying the application. Order unanimously affirmed, with $10 costs.